## Evans Trust

*George I. Minch,* for trustees.
*John C. Hanna,* for beneficiaries.
*W. F. McCrady, Jr.,* guardian-trustee ad litem.

BOYLE, *J.,* March 31, 1976 — The question to be determined is whether a successor individual co-trustee should be appointed to succeed the resigning individual co-trustee. The beneficiaries of the trusts request the appointment of a successor. The corporate trustee opposes any appointment and wishes to continue the administration as sole trustee.

Mary L. Evans, the above-named decedent, died testate on November 23, 1962, leaving a will under which she created the above-numbered trusts. In the will, The Union National Bank of Pittsburgh and Thomas M. Watt were appointed co-trustees of the said four trusts.

Accounts were filed in each of the above-numbered trusts on December 6, 1974, and came on for audit on January 22, 1975.

At the audit, the court was advised that Thomas M. Watt, the individual co-trustee, desires to resign and be discharged from his duties as co-trustee of the four above-numbered trusts. A prayer for this purpose is included in the petitions for distribution. The reason for Mr. Watt's resignation is that he has retired from business and is moving to Connecticut.

At the audit hearing on January 22, 1975, counsel for Henry L. Crawshaw, one of the beneficiaries, presented a petition for the appointment of said Henry L. Crawshaw as successor co-trustee to the vacancy being occasioned by the resignation of Thomas M. Watt.

On June 19, 1975, the court appointed William F. McCrady, Jr., Esq., guardian and trustee ad litem of unrepresented persons in connection with the application made for the appointment of a successor individual co-trustee to Thomas M. Watt. The guardian and trustee ad litem has filed a report and assumes a neutral position, neither joining in the application for appointment of a successor individual co-trustee nor opposing it.

Upon application of counsel, a date for further hearing was fixed and the case came on to be heard before the auditing judge on November 20, 1975.

The mode of appointment of the original trustees, under the will of decedent, appears in articles VII and VIII, in the following language:

"I give, devise and bequeath . . . unto Thomas M. Watt of North Versailles Township, Allegheny County, Pennsylvania, and the Union National

Bank of Pittsburgh, as trustees, their survivors or survivor and their successors or successor, in trust, to take, receive, hold, manage, . . ."

At the November 20, 1975, hearing it developed that Henry L. Crawshaw has formed a business association and intends to remove from Allegheny County to Reading, Pa., where he will be employed. He testified that he does not wish now to be appointed as successor co-trustee but wishes to reserve the right to suggest or nominate to the court a qualified person to serve with The Union National Bank of Pittsburgh. The three other beneficiaries are the three sons of Henry L. Crawshaw and are 21 years of age or older. Each of them had consented to the appointment of their father as successor trustee. Henry L. Crawshaw advised the court at the hearing that his sons, who are the greatgrandsons of decedent, also wish to reserve their right to suggest or nominate a successor co-trustee to act with The Union National Bank of Pittsburgh in the administration of the above-numbered trusts.

Section 7101 of the Probate, Estates and Fiduciaries Code of June 30, 1972, P. L. 508, 20 Pa. C.S.A. § 7101, provides:

"§ 7101. To fill vacancy — The court, after such notice to parties in interest as it shall direct, may appoint a trustee to fill a vacancy in the office of trustee, subject to the provisions, if any, of the trust instrument."

The auditing judge believes that under the language of the will of decedent quoted above, and under the provisions of section 7101 of the Probate, Estates and Fiduciaries Code, the court, in its discretion, may appoint a successor individual co-trustee, provided that the beneficiaries and

other persons in interest nominate for appointment a person who is qualified to serve. In this regard, the corporate trustee and the guardian and trustee ad litem are entitled to be heard, as well as the beneficiaries of the several trusts. See Catherwood Trust, 18 Fiduc. Rep. 266, 274 (1968).

In order to bring this matter properly before the court and to enable a final determination to be made, the auditing judge will dismiss, without prejudice, the present petition of Henry L. Crawshaw for his own appointment as successor trustee, with leave granted to file an amended petition for the appointment of an alternate person as successor individual co-trustee to act with The Union National Bank of Pittsburgh in the administration of the above-numbered trusts. Notice of the filing of the amended petition and the date and time of hearing thereon shall be given to all parties in interest.

The court will enter an order in accordance with this memorandum.